## COOPER v. SOUTHERN ADVANCE BAG & PAPER CO. et al.

### No. 5833.

Court of Appeal of Louisiana.
Second Circuit.

Dec. 9, 1938.

W. T. Holloway, of Jonesboro, for appellant.

Elder & Elder, of Ruston, for appellees.

DREW, Judge.

This is a suit under the Workmen's Compensation Act of this state. Act No. 20 of 1914. The lower court sustained the plea of one-year peremption and dismissed plaintiff's demands. There were numerous other defenses made in the case, but since we are convinced that the one-year peremption plea is well founded, we will discuss only it.

Plaintiff alleged that he was injured due to an accident while in the employ of defendant on or about September 28, 1936. After his attention had been called to the fact that he might be mistaken as to the date of the alleged accident and after the plea of one-year peremption had been filed, the court ordered plaintiff to amend his petition setting forth the correct date. In his amended petition he stood on the date given in his original one.

There is dispute between counsel as to whether the original petition was filed on September 28th or September 28, 1936, due to the changing of the original dates on the petition and order of the lower judge, which dates were originally September 28th. We prefer not to discuss this question as it would lend nothing to a decision of the case under the facts as we find them.

Plaintiff testified that he worked on September 28, 1936, and that he also worked the following date, September 29th, and that it was on this latter date he was injured; that on the day his injury occurred, he visited his doctor who examined him and gave him a written statement showing he had a slight hernia on both sides.

Plaintiff is clearly mistaken in his dates. On September 28, 1936, Mr. Michaud, the former general manager of defendant company's plant, was buried and the entire plant and everything connected with it was closed on that date. According to the testimony of Dr. Blume, plaintiff's doctor, and not in the employ of either defendant, it was on September 28, 1936, that plaintiff came to him and requested that he examine him and see if he did not have a hernia. Dr. Blume had been the family physician of plaintiff, also his parents' family physician for twenty years or more, and was placed on the stand by plaintiff as his witness. The certificate given to plaintiff by Dr. Blume is entirely written, dated and signed by the doctor. It is dated 9-28-36, and reads as follows:

"This is to certify that I have examined A. M. Cooper and find that he has a slight hernia on both sides.

"E. Blume, M. D."

This certificate remained in the possession of plaintiff and his attorney until the day of trial when defendant secured it and filed it in evidence. Dr. Blume is positive

in his testimony that the date on the certificate is correct. The lower court found that plaintiff was examined by Dr. Blume on September 28, 1936, and we are of the same opinion. Plaintiff does not contend that he had any accident after the time Dr. Blume examined him. It follows, therefore, that if he did suffer from an accident, it was one which occurred prior to September 28, 1936, as it is now admitted that plaintiff did not work on that date. The record shows without contradiction that plaintiff did not work on September 27th or September 26, 1936. It therefore follows that if plaintiff suffered from an accident while in the employ of defendant, and there is great doubt on this question, it occurred prior to September 26, 1936, which was more than one year prior to the filing of this suit, whether the suit was filed on September 27th or September 28, 1937, and the plea of one-year peremption was properly sustained by the lower court.

The judgment is affirmed, with costs.